IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JAMES WOFFORD, | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| S.E.T., INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, JAMES WOFFORD, by and through his attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, and MASSIMO A. TERZIGNI, ESQUIRE, and hereby files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This action is brought against the Defendant for violating Plaintiff's right to be free from illegal, invidious and damaging discrimination in his employment on account of age, as guaranteed by the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA").

2. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).

3. Venue is proper under 28 U.S.C.A. § 1391(b).  All claims set forth herein arose in the Northern District of Ohio.

4. Plaintiff has satisfied all procedural and administrative requirements, and in particular:

   a. Plaintiff filed a charge with the Equal Employment Opportunity Commission claiming ("EEOC") age discrimination on or about October 26, 2016, at EEOC No. 532-2016-02154 and said charge was cross-filed with the Ohio Civil Rights Commission ("OCRC");

   b. The EEOC issued a Dismissal and Notice of Rights dated June 13, 2017;

   c. Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the Dismissal and Notice of Rights.

## PARTIES

5. Plaintiff, James Wofford, is a 64-year-old male who resides in Lawrence County, Pennsylvania.

6. Defendant, S.E.T., Inc., is a business corporation with a registered address of 235 East Water Street, Lowellville, Ohio 44436.

7. At all times relevant hereto, Defendant was acting through its agents, subsidiaries, officers, employees and assigns acting with the full scope of their agency, office, employment or assignment.

## FACTUAL ALLEGATIONS

8. Plaintiff was employed by Defendant as a business developer from in or about April of 2013 until his unlawful termination on or about July 5, 2016.

9. Plaintiff endured harassment based on his age throughout his employment with Defendant.

10. Plaintiff's direct supervisor, Tom Pavel ("Pavel"), began making derogatory comments about Plaintiff's age in or about March or April of 2014. Sometime in the spring of 2014, Mr. Pavel commented that the Plaintiff did not understand the role of equipment utilization in the calculation of bonuses because "they didn't have equipment during your time." Plaintiff understood this remark to be a comment on his age.

11. Mr. Pavel made this statement in the presence of Doug Susany, Defendant's President and co-owner. Doug Susany did not take any action regarding Mr. Pavel's discriminatory statement.

12. In or about July of 2014, Bobi Jo Ferrone ("Ferrone"), Defendant's office manager, commented that the Plaintiff did not know how to add and that calculators had not yet been invented during Plaintiff's time. Plaintiff understood this remark to be a comment on his age.

13. Plaintiff was stripped of control over Defendant's trucking operations in or about August of 2015. Shortly before Plaintiff was relieved of his supervisory duties, David Susany, Defendant's co-owner, stated "you couldn't handle it then, and you can't handle it now." Plaintiff understood this remark to be a comment on his age.

14. In or about February or March of 2016, Doug Susany commented that the Plaintiff would have to "move on" if he was "too old" to handle clients.

15. In addition to suffering ageist comments, as described hereinbefore above, Plaintiff was physically assaulted by another of Defendant's employees, Dana Troutman ("Troutman") on two separate occasions, in or about December of 2015, and again in or about January of 2016.

16. After the first incident, Plaintiff emailed Mr. Pavel to request a pre-disciplinary document required by the Defendant for a separate incident. In his email, Plaintiff asked if Mr. Troutman had been issued a pre-disciplinary document as a result of Plaintiff's assault in December of 2015.

17. In response, Mr. Pavel stated that Plaintiff was unable to find the pre-disciplinary document because Plaintiff was too old to understand a computer. Mr. Pavel also indicated that Plaintiff would face disciplinary action if he proceeded against Mr. Troutman.

18. Mr. Troutman is younger than the Plaintiff.

19. Plaintiff believes, and therefore avers, that the Defendant failed to take any disciplinary action against Mr. Troutman related to Plaintiff's assaults because of Plaintiff's age.

20. On or about July 5, 2016, Plaintiff was unlawfully terminated by Doug Susany. The stated reason for his termination was Plaintiff's alleged lack of production.

21. Defendant's reason for Plaintiff's termination is pretextual and unworthy of belief. At the time of his termination, Plaintiff was consistently securing lucrative jobs with 20 to 30 percent profit margins for the Defendant, despite a downturn in the oil market.

22. Furthermore, in or about March of 2016, Plaintiff received a bonus based on the business he had acquired for the Defendant. Plaintiff received another bonus in or about August of 2016 for additional business he had developed prior to his termination.

23. At the time of Plaintiff's termination, Doug Susany stated, "Well, you should retire anyways."

24. Plaintiff believes, and therefore avers, that he was terminated based on his age, and that he was replaced by a person who was significantly younger, less experienced and less qualified.

25. Plaintiff also believes that younger employees received more favorable treatment than he, as younger employees were not subjected to appropriate disciplinary action, threatened with unwarranted disciplinary action or terminated without cause.

## COUNT I:

## ADEA – AGE DISCRIMINATION

26. Plaintiff incorporates by reference Paragraphs 1 through 25 as though fully set forth at length herein.

27. As described hereinbefore above, Plaintiff was subjected to harassment throughout the course of his employment, suffered an illegal termination, was replaced by a younger individual

and was treated less favorably than younger employees, in violation of the ADEA, 29 U.S.C. § 621, *et seq.*

28. As a result of the Defendant's discriminatory actions, Plaintiff has been substantially and illegally harmed, suffered continuing financial losses, deprivation of employment, benefits, prerequisites, and fair treatment, and has suffered continuing emotional and physical distress and injury, embarrassment and humiliation caused by the Defendant, its managers, supervisors, employees, agents, attorneys and other officials.

29. Plaintiff has no other plain, adequate or complete remedy at law to redress the wrongs done to him by the Defendant and this suit for injunctive and other relief is his only means of securing just and adequate redress and relief. Moreover, Plaintiff is now suffering and will continue to suffer, irreparable injury from the Defendant's discriminatory policies, practices, customs and usages as set forth herein until and unless the same are enjoined by the Court.

30. Defendant's actions as aforementioned were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

    a. that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the ADEA;

    b. that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

    c. that in addition to the damages above, the Court award the Plaintiff liquidated damages in an amount equal to the pecuniary losses sustained as a result of the Defendant's willful violation of the ADEA;

    d. that the Court order the Defendant to return the Plaintiff to the position he held before he was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to his

       lost salary, salary raises, fringe benefits and all other rights to which he would have been entitled but for the Defendant's discriminatory conduct;

e.     that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

f.     that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g.     that the Court grant the Plaintiff such additional relief as may be just and proper.

                                    JURY TRIAL DEMANDED

                Respectfully submitted,

                LAW OFFICES OF JOEL SANSONE

                s/ Joel S. Sansone
                Joel S. Sansone, Esquire
                PA ID No. 41008
                Massimo A. Terzigni, Esquire
                PA ID No. 317165
                *Counsel for Plaintiff*

                Three Gateway Center, Suite 1700
                401 Liberty Avenue
                Pittsburgh, Pennsylvania 15222
                412.281.9194

Dated: June 30, 2017